

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable C. J. Wilde
County Auditor
Nueces County
Corpus Christi, Texas

Dear Sir:

Opinion No. O-6309
Re: Delinquent taxes on property
owned by the Rotary Clubs of
Corpus Christi and Robstown.

Your request for opinion on the above matter, dated December 4, 1944, has been carefully considered by this Department. From you letter we quote the following:

"On September 21, 1927 the Rotary Clubs of Robstown and Corpus Christi jointly purchased 77.5 acres of land on the banks of the Nueces River for the purpose of establishing a play ground for boys and for the use of a camp for the Boy Scouts of America. We are enclosing herewith certain affidavits made by the above mentioned Rotary Clubs in connection with the said land.

"The writer has been Treasurer of the Gulf Coast Council Boy Scouts of America and I, personally, knew that this land was used exclusively by the Boy Scouts from the time that the Rotary Clubs, mentioned above, purchased it, until January 1, 1944. This statement is made merely for reference that the land has been used as stated in the affidavits enclosed herewith. In view of the affidavits could the Commissioners' Court of Nueces County issue a cancellation of the taxes accruing on said land from the years 1929 to 1943, both inclusively."

From the affidavit of the President of the Rotary Club of Corpus Christi, which is attached to your request, we quote the following:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable C. J. Wilde, Page 2

"On September 21, 1927, the Rotary Clubs of Robstown and Corpus Christi jointly purchased 77.5 acres of land on the banks of the Nueces River for the purpose of establishing a play ground for boys; and from date of acquisition to January 1, 1944, this property was used exclusively for the purpose for which it was acquired, and the owners of the property during that period derived no income therefrom.

"The Rotary Club of Corpus Christi is a non profit organization and as shown by Articles I and II of the Constitution and Section 4 of Article VIII of the By-Laws, one of the purposes for which this club was organized was that of rendering a service to the community, many of which services may be defined as charity. . . ."

The charter prepared, and filed under oath with the Secretary of State, contains the following recitations:

"That we, members of the Rotary Club of Corpus Christi, Texas, a social organization of said city, all of said members being resident citizens of the County of Nueces, do hereby voluntarily associate ourselves together for the purpose of forming a private corporation under and by virtue of the laws of the State of Texas.

". . . .

"The purposes for which this corporation is formed is to encourage, promote and extend the objects of Rotary International and to continue to maintain the relationship to Rotary International enjoyed by the Rotary Club of Corpus Christi, Texas." (Emphasis added)

Section 2 of Article VIII of the State Constitution provides:

". . . . the Legislature may, by general laws, exempt from taxation . . . all buildings used exclusively and owned by persons or associations of persons for school purposes . . . and institutions

Honorable C. J. Wilde, Page 3

of purely public charity; and all laws exempt-
ing property from taxation other than the property
above mentioned shall be null and void."

Article 7150, Revised Statutes, provides:

"The following property shall be exempt from
taxation, to wit:

". . . .

"7. Public charities . -- All buildings be-
longing to institutions of purely public charity,
together with the lands belonging to and occupied
by such institutions not leased or otherwise used
with a view to profit.. . ." (Emphasis ours)

Exemptions from taxation are not favored, and the law
allowing exemptions should be given a strict interpretation. It
is the policy of the State, and but justice between its citizens,
that no property shall escape this common burden, unless it comes
clearly within the exemption. Furthermore, the property in ques-
tion, in order to be exempt from taxation must be embraced within
the terms of both the Constitution and the statute.

Whether the clubs in question are "purely charitable
institutions" is one of fact. From the charter prepared, and filed
under oath with the Secretary of State, it appears that the club is
"a social organization of said city." The fact that an institution
or organization may do some charitable work is not sufficient to
bring it within the exemption. The courts of Texas frequently have
held that the word "purely" as used in Section 2 of Article VIII
and in Article 7150 is intended to modify the word "charity" and
not the word "public." B.P.O.E. Lodge No. 151 v. City of Houston,
44 S. W. (2d) 488; City of Houston v. Scottish Rite Benevolent
Ass'n., 230 S. W. 978; Morris v. Masons, 5 S. W. 519; W.O.W. v.
City of San Angelo, 231 S. W. 1106. The observation of the court
in B.P.O.E. Lodge No. 151 v. City of Houston, supra, that "if these
social features were absent, we question whether the order would
carry on," is applicable with equal force to the clubs here con-
sidered.

We therefore hold that under the facts submitted to us
the property in question is not exempt from taxation. This ren-
ders unnecessary any answer to the question of cancellation of the
taxes.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED JAN 8 1945

ATTORNEY GENERAL OF TEXAS

By

W. V. Geppert
Assistant

WVG:fc



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN

488